1 **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9 Guy Brown,                           )      CIV 14-8038-PCT-MHB
                                        )
10            Plaintiff,                )      **ORDER**
                                        )
11 vs.                                  )
                                        )
12 Carolyn W. Colvin, Commissioner of the)
   Social Security Administration,      )
13                                      )
              Defendant.                )
14 _____)

15         Pending before the Court is Plaintiff Guy Brown's appeal from the Social Security

16 Administration's final decision to deny his claim for disability insurance benefits and

17 supplemental security income.  After reviewing the administrative record and the arguments

18 of the parties, the Court now issues the following ruling.

19                      **I.  PROCEDURAL HISTORY**

20         Plaintiff filed applications for disability insurance benefits and supplemental security

21 income in August 2007.  (Transcript of Administrative Record ("Tr.") at 12, 223-32.)  His

22 claim proceeded through the administrative process and was denied in an ALJ decision dated

23 January 26, 2010, following a hearing.  (Tr. at 64-93, 98-117.)  The Appeals Council granted

24 Plaintiff's request for review on November 15, 2010, and remanded the case to an ALJ for

25 further proceedings.  (Tr. at 118-21.)

26         On remand, the ALJ heard testimony on May 15, 2012, from Plaintiff and from an

27 impartial vocational expert.  (Tr. at 12, 42-63.)  Plaintiff alleged he was disabled for a closed

28

1    period from August 1, 2007, to February 24, 2010, and requested a closed period of

2    disability.  (Tr. at 12, 45-46.)

3         The ALJ issued an unfavorable decision on June 26, 2012, finding Plaintiff was not

4    under a disability within the meaning of the Act.  (Tr. at 9-30.)  Plaintiff timely requested

5    review, which the Appeals Council denied on January 7, 2014, making the ALJ decision the

6    Commissioner's final decision.  (Tr. at 1-6.)  Plaintiff then sought judicial review of the

7    ALJ's decision pursuant to 42 U.S.C. § 405(g).

8    **II.  STANDARD OF REVIEW**

9         The Court must affirm the ALJ's findings if the findings are supported by substantial

10   evidence and are free from reversible legal error.  See Reddick v. Chater, 157 F.3d 715, 720

11   (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990).  Substantial evidence

12   means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might

13   accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

14   (1971); see Reddick, 157 F.3d at 720.

15        In determining whether substantial evidence supports a decision, the Court considers

16   the administrative record as a whole, weighing both the evidence that supports and the

17   evidence that detracts from the ALJ's conclusion.  See Reddick, 157 F.3d at 720.  "The ALJ

18   is responsible for determining credibility, resolving conflicts in medical testimony, and for

19   resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see

20   Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  "If the evidence can reasonably

21   support either affirming or reversing the [Commissioner's] conclusion, the court may not

22   substitute its judgment for that of the [Commissioner]."  Reddick, 157 F.3d at 720-21.

23   **III.  THE ALJ'S FINDINGS**

24        In order to be eligible for disability or social security benefits, a claimant must

25   demonstrate an "inability to engage in any substantial gainful activity by reason of any

26   medically determinable physical or mental impairment which can be expected to result in

27   death or which has lasted or can be expected to last for a continuous period of not less than

28

1    12 months."  42 U.S.C. § 423(d)(1)(A).  An ALJ determines a claimant's eligibility for

2    benefits by following a five-step sequential evaluation:

3         (1)  determine whether the applicant is engaged in "substantial gainful activity";

4         (2)   determine whether the applicant has a medically severe impairment or
          combination of impairments;

5
          (3)  determine whether the applicant's impairment equals one of a number of listed
6         impairments that the Commissioner acknowledges as so severe as to preclude the
          applicant from engaging in substantial gainful activity;

7
          (4)  if the applicant's impairment does not equal one of the listed impairments,
8         determine whether the applicant is capable of performing his or her past relevant
          work;

9
          (5)  if the applicant is not capable of performing his or her past relevant work,
10        determine whether the applicant is able to perform other work in the national
          economy in view of his age, education, and work experience.

11
     See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520,
12
     416.920).  At the fifth stage, the burden of proof shifts to the Commissioner to show that the
13
     claimant can perform other substantial gainful work.  See Penny v. Sullivan, 2 F.3d 953, 956
14
     (9th Cir. 1993).
15
         At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful
16
     activity since August 1, 2007 through February 24, 2010.  (Tr. at 15.)  At step two, he found
17
     that Plaintiff had the following severe impairments: sleep apnea, obesity, a psychotic
18
     disorder, a personality disorder, depression, impulse control problems, a personality disorder
19
     not otherwise specified, with narcissistic borderline and antisocial features, polysubstance
20
     abuse in remission, alcohol abuse and tobacco dependence.  (Tr. at 15.)  At step three, the
21
     ALJ stated that Plaintiff did not have an impairment or combination of impairments that met
22
     or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of
23
     the Commissioner's regulations.  (Tr. at 15-19.)  After consideration of the entire record, the
24
     ALJ found that Plaintiff retained the residual functional capacity "to perform light unskilled
25
     work with restrictions as light work is defined in 20 CFR 404.1567(b) and 416.967(b) with
26
     environmental restrictions such as no exposure to extremes of temperatures or humidity,
27

28

                                        - 3 -

1  unusual dusts, gases or perfumes, and no requirement with working with the public, working

2  with things and not people."[1]  (Tr. at 19-24.)

3      The ALJ found that Plaintiff could not perform any of his past relevant work, but,

4  considering his age, education, work experience, and residual functional capacity, there are

5  jobs that exist in significant numbers in the national economy that Plaintiff could perform.

6  (Tr. at 24-25.)  Thus, the ALJ concluded that Plaintiff "has not been under a disability ...

7  from August 1, 2007, through February 24, 2010."  (Tr. at 25.)

## IV.  DISCUSSION

9      In his brief, Plaintiff contends that the ALJ erred by failing to properly weigh medical

10  source opinion evidence.  Specifically, Plaintiff argues that the ALJ improperly rejected the

11  opinion of treating physician, Brian Sabowitz, M.D., and generally "misinterpreted" the

12  objective medical evidence "to the detriment of the claimant."

13      "The ALJ is responsible for resolving conflicts in the medical record." Carmickle v.

14  Comm'r, Soc. Sec. Admin., 533 F.3d at 1164.  Such conflicts may arise between a treating

15  physician's medical opinion and other evidence in the claimant's record.  In weighing

16  medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three

17  types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining

18  physicians, who examine but do not treat the claimant; and (3) non-examining physicians,

19  who neither treat nor examine the claimant.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.

20  1995).  The Ninth Circuit has held that a treating physician's opinion is entitled to

21  "substantial weight."  Bray v. Comm'r, Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.

22  2009) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)).  A treating physician's

23  opinion is given controlling weight when it is "well-supported by medically accepted clinical

24  and laboratory diagnostic techniques and is not inconsistent with the other substantial

25  evidence in [the claimant's] case record."  20 C.F.R. § 404.1527(d)(2).  On the other hand,

26

27      [1]  "Residual functional capacity" is defined as the most a claimant can do after
considering the effects of physical and/or mental limitations that affect the ability to perform
28  work-related tasks.

- 4 -

1    if a treating physician's opinion "is not well-supported" or "is inconsistent with other

2    substantial evidence in the record," then it should not be given controlling weight.  Orn v.

3    Astrue, 495 F.3d 624, 631 (9th Cir. 2007).

4          If a treating physician's opinion is not contradicted by the opinion of another

5    physician, then the ALJ may discount the treating physician's opinion only for "clear and

6    convincing" reasons.  See Carmickle, 533 F.3d at 1164 (quoting Lester, 81 F.3d at 830).  If

7    a treating physician's opinion is contradicted by another physician's opinion, then the ALJ

8    may reject the treating physician's opinion if there are "specific and legitimate reasons that

9    are supported by substantial evidence in the record."  Id. (quoting Lester, 81 F.3d at 830).

10         Since the opinion of Dr. Sabowitz was contradicted by consultative examining

11   physicians Rodney Rodrigo, M.D., and David Buckwalter, D.O.; state agency reviewing

12   physicians Thomas Glodek, M.D., and Erika Wavak, M.D.; as well as other medical evidence

13   of record, the specific and legitimate standard applies.

14         Historically, the courts have recognized the following as specific, legitimate reasons

15   for disregarding a treating or examining physician's opinion: conflicting medical evidence;

16   the absence of regular medical treatment during the alleged period of disability; the lack of

17   medical support for doctors' reports based substantially on a claimant's subjective complaints

18   of pain; and medical opinions that are brief, conclusory, and inadequately supported by

19   medical evidence.  See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Flaten

20   v. Secretary of Health and Human Servs., 44 F.3d 1453, 1463-64 (9th Cir. 1995); Fair v.

21   Bowen, 885 F.2d 597, 604 (9th Cir. 1989).

22         Here, the ALJ analyzed the medical evidence in exhaustive detail.  (Tr. at 19-24.)  The

23   ALJ gave significant weight to the opinions of examining physicians Drs. Rodrigo and

24   Buckwalter as well as state agency medical consultants Drs. Glodek and Wavak.  The ALJ

25   also provided legally sufficient reasons for discounting Dr. Sabowitz's opinion, namely that

26   it was not consistent with his clinical signs and his own treatment records.  See Connett v.

27   Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) ("We hold that the ALJ properly found that [the

28   physician's] extensive conclusions regarding [the claimant's] limitations are not supported

1    by his own treatment notes.  Nowhere do his notes indicate reasons why [the physician would

2    limit the claimant to a particular level of exertion]."); Tonapetyan v. Halter, 242 F.3d 1144,

3    1149 (9th Cir. 2001) (holding that the ALJ properly rejected a physician's testimony because

4    "it was unsupported by rationale or treatment notes, and offered no objective medical

5    findings to support the existence of [the claimant's] alleged conditions"); Batson v. Comm'r

6    of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians'

7    opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective

8    medical findings).

9            The Court finds that the ALJ properly considered Dr. Sabowitz's opinion and gave

10    specific and legitimate reasons, based on substantial evidence in the record to discount it.

11            Plaintiff's remaining argument regarding the ALJ's assessment of the objective

12    medical evidence is unclear.  Plaintiff makes a conclusory, non-specific claim stating,

13    generally, that the ALJ "misinterpreted evidence to the detriment of the claimant."  Plaintiff

14    alludes to the opinions of Lawrence Allen, Ph.D., Doris Javine, Ph.D., and Brady Dalton,

15    Psy.D.  Despite the deficiencies of the argument, the Court, having reviewed the ALJ's

16    consideration of the objective medical evidence as to Plaintiff's alleged mental impairments

17    and his conclusions regarding Drs. Allen, Javine, and Dalton's opinions, determines that the

18    ALJ's findings are supported by substantial evidence.

19            Accordingly, in sum, the Court finds that the ALJ properly weighed the medical

20    source opinion evidence related to Plaintiff's alleged physical and mental impairments, and

21    gave specific and legitimate reasons, based on substantial evidence in the record to support

22    his findings.  Therefore, the Court finds no error.[2]

23

24            [2] In his reply, Plaintiff attempts to clarify his argument that the ALJ "misinterpreted
       evidence to the detriment of the claimant."  Plaintiff appears to argue that the ALJ erred at
25    step five and states, in pertinent part:
            Because the ALJ finds that psychological problems are severe impairments,
26            assessing the limitations imposed by those impairments is crucial to
            determining the residual functional capacity of the claimant. The ALJ did not
27            properly define those limitations in posing his hypotheticals to the VE. When
            done, the VE's testimony was favorable to the claimant. The claimant
28

1

## V.  CONCLUSION

2          Substantial evidence supports the ALJ's decision to deny Plaintiff's claim for

3    disability insurance benefits and supplemental security income.  Consequently, the ALJ's

4    decision is affirmed.

5          Based upon the foregoing discussion,

6          **IT IS ORDERED** that the decision of the ALJ and the Commissioner of Social

7    Security be affirmed;

8          **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment

9    accordingly.  The judgment will serve as the mandate of this Court.

10         DATED this 18th day of March, 2015.

11

12    _Michelle H. Burns_

13                          Michelle H. Burns
                       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23         continues to seek a vacation of the ALJ's decision as well as a grant of
           disability based upon VE testimony.
24
     The Court finds that Plaintiff's attempt to articulate his argument fails as it remains
25    conclusory, undefined, and difficult to follow.  Furthermore, the Court declines to consider
     any argument raised for the first time in his reply brief.  See Martin v. Astrue, 2012 WL
26    527483, at * n.1 (D. Ariz. Feb. 17, 2012) (declining to consider the plaintiff's challenge to
27    the RFC assessment that was raised for the first time in the reply brief).  In any event, the
     Court's review of the ALJ's step five analysis reveals that the ALJ's decision at step five is
28    supported by substantial evidence.  The Court finds no error.